SCHIFFMAN LAW OFFICE, P.C.
HELPING THE INJURED AND DISABLED SINCE 1975

Lisa Counters, 016436
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michelle Yoder,<br><br>Plaintiff,<br><br>vs.<br><br>Lincoln National Life Insurance Company; Southwest Airlines Co. Welfare Benefit Plan,<br><br>Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Michelle Yoder ("Michelle") alleges as follows:

**<u>JURISDICTION AND VENUE</u>**

1. Michelle is a resident of Maricopa County, Arizona.

2. Defendant Lincoln National Life Insurance Company ("Lincoln") is an insurance company domiciled in Pennsylvania with headquarters in Radnor, Pennsylvania. Lincoln is authorized to do business in Maricopa County, Arizona.

3. Defendant Southwest Airlines Co. Welfare Benefit Plan ("LTD Plan") is a purported ERISA benefit plan established and maintained by Southwest Airlines for the benefit of its employees. It provides long-term disability benefits ("LTD").

4. This Court has jurisdiction over the LTD Plan under ERISA 29 U.S.C. § 1132, and because the LTD Plan and Southwest Airlines have caused events to occur in Arizona, out of which Michelle's claims arise.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

5. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 2201-02 (declaratory judgments).

6. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

**GENERAL ALLEGATIONS**

7. Southwest Airlines provided certain employees with LTD benefits under the LTD Plan.

8. Beginning on January 1, 2021 Lincoln issued Policy No. 04-445052 ("The LTD Plan"). The Plan renews annually on January 1.

9. Southwest Airlines is the plan administrator and a plan fiduciary. (29 U.S.C. § 1102(a)(2) (fiduciary); 29 USC §1002(A)(16) (administrator).

10. Lincoln is the Claim Administrator and is also a Plan Fiduciary.

11. The LTD Plan is the only document constituting the Plan's written instrument under 29 U.S.C. § 1102(a)(1).

12. Lincoln determines who receives benefits and pays those benefits.

13. For the first 24 month, the LTD Plan defines an employee as disabled when she is unable to perform the Material Duties of her Own Occupation and is unable to earn 80% or more of his or her Indexed Earnings from working in his or her Own Occupation.

14. "Own Occupation" means the occupation she is routinely performing when her disability begins. It is further defined as how this occupation is normally performed in the national economy instead of how it is performed for her specific employer at the location or work site and without regard to her specific reporting relationship.

15. "Material Duties" refers to the duties that are normally required for the performance of her Own Occupation, and that cannot be reasonably omitted or modified. Working more than 40 hours per week is not a material duty.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

16. After 24 months of LTD payments, an employee is disabled when Lincoln determines that, solely due to injury or sickness, she is (1) unable to perform the material duties of any occupation for which she is, or may reasonably become, qualified based on education, training, or experience; or (2) unable to earn 60% or more of her Indexed Base Monthly Pay.

17. At all relevant times, Michelle was employed by Southwest Airlines, became a covered individual under the LTD Plan, and remained continuously employed until her disability rendered him unable to work in her regular occupation as a Ramp Agent on January 24, 2021.

18. Michelle timely submitted a claim for LTD benefits.

19. Michelle claimed disability for status-post anterior and posterior lumbar fusion of L5-S1, idiopathic cardiomyopathy with a permanent pacemaker, cervicalgia, multilevel spondylosis at C3-C6, and adjustment disorder with mixed anxiety and depressed mood.

20. Lincoln paid Michelle's LTD benefits from April 24, 2021 through June 24, 2022. Lincoln ceased LTD benefits because it concluded Michelle could perform her occupation as a Ramp Agent

21. Michelle remains unable to perform the material duties of her regular occupation, or any occupation, including the following duties:

- Working a regular, 40-hour work week;
- Sit, stand or walk for more than 30 minutes at a time for a total of one hour per day of each; and
- Consistently perform work activities with significant lumbar and cervical pain, burning, stabbing and tingling in her lower extremities in addition to weakness and loss of balance.

22. Michelle cannot perform the material duties of any occupation for which she is or becomes reasonably fit for by education, training, or experience.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

23. Lincoln terminated Michelle's LTD benefits effective June 21, 2022 in a June 23, 2022 denial letter.

24. Michelle timely submitted her appeal on March 11, 2024.

25. Lincoln issued its final denial on July 3, 2024.

26. The LTD Policy requires Michelle to apply for and pursue Social Security Disability Benefits ("SSDI"). Michelle applied for benefits on July 19, 2021.

27. The Social Security Administration ("SSA") defines disability as the "inability to perform any substantial gainful activity," which is the "inability to perform significant physical or mental activities" and the inability to earn $1,620 (as of 1/1/2025) per month.

28. SSA approved Michelle's application for SSDI benefits on January 14, 2023, with benefits retroactively beginning July 2021.

29. Related to this period of disability, Michelle reopened a previous workers' compensation claim on July 14, 2021.

30. From July 14, 2021 to October 17, 2021, Michelle received temporary total disability benefits of $9,127.68.

31. Effective October 18, 2021, and through June 18, 2025, Michelle's workers' compensation status changed to total partial disability, and she received a monthly benefit of $1,367.89.

32. The workers' compensation claim is now in the status of determining her lost earning capacity. While that is pending, she is receiving $1,128.45.

33. The LTD Policy contains discretionary language indicating that Lincoln grants itself discretion.

34. The LTD Policy does not evidence that the Plan Administrator possesses discretion or the ability to delegate discretion.

35. Even if the LTD Plan reserved discretion, there is no evidence that the LTD Plan conferred discretion on Lincoln.

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667

36. Without proper evidence of a discretion grant from Southwest Airlines Long Term Disability Benefit Plan to Lincoln, this claim should be reviewed *de novo*.

37. Michelle contends that the discretionary language in the policy is invalid, and Michelle's claim should be reviewed *de novo*.

38. If the Court determines the discretionary language is valid, Lincoln's inherent conflict of interest impacted its decision in this matter, and the Court should review Lincoln's decision with heightened skepticism.

**COUNT I**

**RECOVERY OF INSURANCE AND PLAN BENEFITS**

39. Michelle incorporates and realleges all previous allegations.

40. Michelle has satisfied the jurisdictional prerequisites to filing a claim in federal court and has exhausted any available administrative remedies.

41. Lincoln's denial of Michelle's LTD claim was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence, and clearly erroneous. Evidence of Lincoln's conflict includes, but is not limited to:

a) Concluding that Michelle was able to return to her occupation despite her ongoing, debilitating symptoms associated with her lumbar and cervical spondylosis, idiopathic cardiomyopathy with a permanent pacemaker, and adjustment disorder with mixed anxiety and depression.

b) Relying on the opinions of non-treating providers who disregarded and downplayed Michelle's complaints.

c) Relying on the opinions of non-treating physicians who have not examined Michelle.

d) Disregarding the demands of Michelle's occupation that are unavoidable and fundamental.

e) Concluding Michelle was able to work a 40-hour work week, given her significant cervical and lumbar pain, without considering whether she can perform any

occupation reliably and consistently due to the unpredictability of her condition, causing her to need an abundant number of breaks and days off.

f) Cherry-picking evidence that supports the denial rather than giving equal weight to evidence that supports payment of the claim.

42. Under the terms of the LTD Plan, Michelle is entitled to 60% of her monthly earnings subject to (less the SSA offset of $1,602.90) in the amount of $1,572.22, from June 21, 2022 until she reaches her Social Security Normal Retirement age of 67.

43. Under the coverage provided in the Plans, to ERISA 29 U.S.C. § 1132(a)(1)(B), and applicable federal and state common law, Michelle is entitled to recover all benefits due under the terms of the LTD Plan and to enforce her rights under the terms of the LTD Plan.

44. Michelle is entitled to recover her attorneys' fees and costs incurred herein from the Plans and Lincoln under 29 U.S.C. § 1132(g).

45. Michelle is entitled to prejudgment interest at the highest legal rate on the benefits he is entitled to according to A.R.S. § 20-462.

WHEREFORE, Michelle prays for entry of judgment against Defendants as follows:

A. For all past benefits due to Michelle under the terms of the LTD Plan;

B. For an award of Michelle's attorneys' fees and costs incurred;

C. For an award of prejudgment interest on Michelle's benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 8th day of October 2025.

SCHIFFMAN LAW OFFICE, P.C.

By: ______________________
Lisa J. Counters

SCHIFFMAN LAW OFFICE, P.C.
4506 N. 12TH STREET
PHOENIX, AZ 85014 ♦ (602) 266-2667