Lisa Counters, 016436
SCHIFFMAN LAW OFFICE, P.C.
4506 N 12th Street
Phoenix, AZ 85014-4246
Voice: (602) 266-2667
Fax: (602) 266-0141
Lisa@Schiffmanlaw.com

*Attorney for Plaintiff*

**Admitted Pro Hac Vice**
Iwana Rademaekers (TX Bar No. 16452560)
**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Michelle Yoder,<br><br>Plaintiff,<br>v.<br><br>The Lincoln National Life Insurance Company,<br><br>Defendant. | Case No. 2:25-cv-03727-SPL<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Court's December 1, 2025, Order (Dkt. #11), the parties submit this Joint Case Management Report for the forthcoming Scheduling Conference on January 21, 2026, at 1:30 p.m.:

**1. Attendance: The parties who attended the Rule 26(f) Meeting and assisted in developing the parties' joint submissions:**

Lisa Counters, on behalf of Plaintiff, Michelle Yoder; and Iwana Rademaekers, on behalf of Defendant, The Lincoln National Life Insurance Company.

**2. Service: The parties, if any, which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared:**

All parties have been served.

**3. Nature of Case: The nature of the case, including a brief description – *three (3) pages or less* – of the principal factual disputes and legal basis of all claims and defenses:**

**Plaintiff:**

Southwest Airlines ("SWA") employed Michelle Yoder as a customer service representative. SWA provided long-term disability ("LTD") benefits through a policy issued by The Lincoln National Life Insurance Company ("Lincoln"). The policy provides benefits in the amount of 60% of her earnings at the time she became disabled. Michelle became disabled on January 24, 2021, due to status-post anterior and posterior lumbar fusion of L5-S1, idiopathic cardiomyopathy with a permanent pacemaker, cervicalgia, multilevel spondylosis at C3-C6, and adjustment disorder with mixed anxiety and depressed. During the first 24 months of disability, an employee is disabled when she is unable to perform the material duties of her own occupation and unable to earn 80% or more of her indexed earnings from working her own occupation. After 24 months of disability, an employee is disabled when she is unable to perform the material duties of any occupation for which she is, or may reasonably become, qualified based on education, training, or experience and unable to earn 60% or more of her indexed base monthly pay.

Lincoln paid Michelle LTD benefits from April 24, 2021 through June 21, 2022. Lincoln terminated Michelle's benefits in a June 23, 2022 denial letter dated, concluding that

Michelle could perform her own occupation as a Ramp Agent. Michelle timely appealed the denial on March 11, 2024. Lincoln issued its final denial on July 3, 2024.

Michelle maintains that Lincoln's denial is arbitrary and capricious. Michelle is receiving Social Security Disability benefits as well as workers' compensation benefits. She submitted evidence of her disability, including physical symptoms that limited her from performing her own occupation or any occupation. Lincoln relied on the opinions of non-treating providers who never examined Michelle and disregarded and downplayed her complaints.

**Defendant:**

Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decisions reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned or other benefits received by Plaintiff, including benefits from the Social Security Administration.

**4. Jurisdiction: The jurisdictional basis for the case, citing specific statutes.**

Jurisdiction of the Court is based upon ERISA and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district court jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28 U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

**5. Additions and Amendments: Whether any party expects to add additional parties to the case or otherwise amend the pleadings:**

The parties do not anticipate adding parties or amending their pleadings.

**6. Forthcoming Motions: A listing of contemplated motions and a statement of the issues to be decided by these motions:**

The parties suggest this matter can be resolved through cross briefing on the Administrative Record, without the Statement of Facts under LRCiv 56.1(a)-(c), and evaluated by the Court under Rule 52. These briefs will encompass the applicable standard of judicial review and the overall propriety of the underlying claim decision. The parties suggest that filing a Statement of Facts in this matter may not be necessary and may not assist the Court, because the Court will have the Administrative Record and the briefs will refer to the Administrative Record.

**7. Related Cases: The status of related cases pending before other courts or other judges of this District:**

The parties are not aware of any other related cases pending before other courts or other Judges of this Court.

**8. Discovery Limitations: Suggested changes, if any, in the limitations on discovery (including depositions) imposed by the Federal Rules of Civil Procedure and a discussion of why such changes are proportional to the needs of this case:**

The parties agree to the limitations contained in Fed. R. Civ. P. 26(b), 30, and 33.

**9. Electronically Stored Information: Any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced:**

No issues anticipated at this time.

**10. Request for Jury Trial: Whether a jury trial has been requested and whether the request for a jury trial is contested:**

A jury trial has not been requested. This is an ERISA case and a jury trial is not available. The Parties believe the matter will be resolved by dispositive motions.

**11. Trial: The estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial:**

The Parties agree that if dispositive motions do not resolve all issues, a bench trial would be appropriate and that any remaining claims will be ready for trial 60 days after the Court's final ruling on dispositive motions. The Parties estimate that a trial should take no more than 1-2 days.

**12. Expedited Trial Alternative: Certification that counsel for each party has discussed with his or her client, or each pro se litigant has considered, the expedited trial alternative:**

Counsel for each party has discussed the expedited trial alternative with their respective client.

**13. Consent to Magistrate Judge: Whether the parties consent to the transfer of the case to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c):**

The Parties will not consent to the referral of this case to a Magistrate Judge. The parties are in the process of trying to resolve this matter and will privately mediate the case if necessary.

**14. Settlement and Dispute Resolution: The prospects for settlement, and whether the case is suitable for referral to a United States Magistrate Judge for the purpose of holding a settlement conference (mediation), minitrial, summary jury trial, early neutral evaluation, or other form of alternative dispute resolution pursuant to LRCiv 83.10:**

The parties respectfully decline referral of this case to a United States Magistrate Judge for purposes of alternative dispute resolution. The parties will engage in good faith settlement discussions. If it becomes necessary, the parties will engage in private mediation with a mutually agreeable third-party neutral.

**15. Modified Procedures: Suggested modification of pretrial procedures due to the nature of the case:**

***ERISA Action*: If the parties jointly agree to resolve an action brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq., through cross briefing, in lieu of filing the attached Joint Proposed Rule 16 Case Management Order, the parties shall propose a deadline for each of the following:**

a. Initial disclosures: The parties agree that initial disclosures required by Federal Rule of Civil Procedure 26(a) do not apply to this case. Fed. R. Civ. P. 26(a)(1)(B)(i). Defendants will produce the Administrative Record to Plaintiff by **January 30, 2026**.

b. Completion of disclosure of materials that either party contends should be considered as part of the record on review: **August 21, 2026**;

c. Filing of the Administrative Record: The parties shall reconcile and file a stipulated record with the Court by **September 11, 2026**. The parties will discuss the need to file the Administrative Record under seal at a later date.

d. Filing of Plaintiff's Opening Brief: Plaintiff will file her opening brief on or before **October 9, 2026**;

e. Filing of Defendant's Response Brief: Defendant will file its response brief on or before **November 9, 2026**;

f. Filing of Plaintiff's Reply Brief: Plaintiff will file her reply brief on or before **November 23, 2026**;

g. Completion of Good Faith Settlement Talks: The parties will engage in face-to-face good faith settlement discussions by no later than **May 6, 2026**.

**16. Additional Matters: Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner:**

None at this time.

RESPECTFULLY SUBMITTED this 9th day of January 2026.

BY: */s/ Lisa J. Counters*
Lisa J. Counters

**Attorney for Plaintiff**

BY: */s/Iwana Rademaekers*
Iwana Rademaekers

**Attorney for Defendant**